IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY HERRING                                                                    PLAINTIFF

v.                                                          Civil Action No. 2:09cv176-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI and
DR. MARTHA SAUNDERS, Officially and Individually                    DEFENDANTS

**ORDER**

This matter is before the court on a Motion to Compel [39] and Supplemented Motion to Compel [53][1] filed by Plaintiff and a Motion to Compel [55] and Supplement [68] to Motion to Compel filed by Defendants.[2] Having reviewed the discovery requests and responses, the submissions of the parties and applicable law, having heard the arguments of the parties during a motion hearing held on July 28, 2010, and thus being fully advised in the premises, the court finds that the motions should be granted in part and denied in part, as set forth below.

Plaintiff's Motion to Compel

Interrogatory No. 1: This request is denied as moot, based on Defendants' representation in court that they have - as Interrogatory No. 1 requests - identified all persons whom they "contend have knowledge pertaining to the facts of this case."

Interrogatory Nos. 2 & 3: These requests are denied as moot, as Defendants have stated that they have not retained any experts and/or consultants in this matter and do not expect to call

---

[1] The Supplemented Motion to Compel [53] is identical in substance to the original Motion to Compel [39], but was merely re-formatted to comport with L.U.Civ.R. 37(b).

[2] In the Supplement [68], Defendants withdrew the majority of the relief sought in their original Motion to Compel [68], except to the extent set forth in the Supplement. Accordingly, the court will only address the relief sought in the Supplement.

1

any experts to testify at trial, and as the expert designation deadline has now expired.

Interrogatory No. 4: This request is denied as moot, based on Defendants' representation in court that they have - as Interrogatory No. 4 requests - identified "every individual who has knowledge of the circumstances surrounding the allegations contained either in the Plaintiff's Complaint or the Answer filed by the Defendants."

Interrogatory Nos. 5, 6, 7 & 8: These requests are denied as premature.

Interrogatory No. 9: This request is granted. In their supplemental response to this interrogatory, Defendants identified a two-page statement of Scott Carr and objected to producing it on the grounds of attorney-client privilege and work product. Having reviewed the document in camera and having heard the arguments of the parties at the hearing, the court finds that Defendants failed to meet their burden of establishing the applicability of the attorney-client privilege or work product protection.[3] Accordingly, Defendants shall produce a copy of the identified in their Supplemental Answer to this interrogatory.

Interrogatory No. 10: This request is granted in part and denied in part. As originally propounded, this interrogatory was overbroad,[4] but it was narrowed by Plaintiff at the hearing. Defendants shall identify any University of Southern Mississippi employee with whom Dr. Martha Saunders discussed Plaintiff's termination within thirty days of his termination, along with the approximate time and date of any such communications.[5]

---

[3] "A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

[4] In relevant part, the interrogatory originally requested information regarding any statements "concerning the subject matter of this lawsuit."

[5] Any communications between Dr. Saunders and her attorneys are excluded.

Interrogatory No. 12: This request is denied.

Interrogatory No. 15: This request is granted. Defendants shall state whether bates numbers were originally on the documents they provided in pre-discovery disclosure, or whether the bates numbers were added to the documents prior to their production.

Interrogatory No. 16: This request is denied.

Interrogatory No. 17: This request is granted. Defendants shall respond without objection to this interrogatory and shall "[i]dentify all persons known or believed...to have knowledge of discoverable matter relevant to the subject matter of this litigation, not identified in the previous interrogatories."[6] If such persons are currently employed by the University of Southern Mississippi, Defendants may provide their university addresses and telephone numbers. If such persons are no longer employed by the university, Defendants shall provide their last known addresses and telephone numbers.

Interrogatory No. 21: This request is denied.

Document Request No. 2: This request is granted. Defendants shall state unequivocally whether there are documents of which they have become aware, since the production of their pre-discovery disclosures, that they "believe or contend are pertinent, reasonably connected, or relevant to the issues of this case," and if so, Defendants shall produce such documents.

Document Request No. 3: This request is granted. Defendants shall produce "copies of all documents, memoranda or written guidelines of any kind that provided directions or guidance to Plaintiff regarding his employment at USM."

---

[6] Defendants need not - as they did in their original response to the interrogatory - identify persons who may have read newspaper articles regarding the case.

Document Request No. 4: This request is denied.

Document Request No. 6: This request is granted in part and denied in part. The interrogatory contained within this document request was withdrawn by Plaintiff. However, Defendants shall identify, by bates number, the specific personnel files of Plaintiff that have been produced.

Document Request No. 8: This request is granted in part and denied in part. Defendants shall produce any documents upon which they are relying in support of their defenses.

Document Request Nos. 10 & 11: These requests are denied as premature.

Document Request No. 12: This request is granted. Defendants shall supplement their response to state unequivocally whether all responsive documents have been produced, and they shall produce any responsive documents that have not been previously produced.

Document Request No. 13: This request is granted in part and denied in part. Defendants shall provide the bates numbers for any annual evaluations they have produced to Plaintiff.

Document Request No. 14: This request was withdrawn by Plaintiff.

Document Request No. 15: This request - as modified by Plaintiff at the hearing - is granted. Defendants shall supplement their response to state unequivocally whether all documents relating to Plaintiff's termination of employment have been produced and if not, they shall produce such documents promptly.

Document Request No. 16: This request is granted. Defendants shall produce documents responsive to this request.

Document Request No. 17: This request - as modified by Plaintiff at the hearing - is granted. Defendants shall produce copies of any documents referring to Plaintiff's "work

performance or employment status" that were prepared within the last sixty (60) days of his employment.

Document Request No. 18: This request is granted.  Defendants shall supplement their response to state unequivocally whether they have produced all documents responsive to this request, and shall identify such documents by bates number.  If Defendants have not produced all responsive documents, they shall do so promptly.

Document Request No. 19:  This request is denied as redundant, in light of Document Request No. 3.

Document Request Nos. 20 & 21:  These requests were withdrawn by Plaintiff.

Document Request No. 25: This request is granted.  Defendants shall state unequivocally whether they have produced all documents responsive to this request, and shall identify such documents by bates number.  If Defendants have not produced all responsive documents, they shall do so promptly.

Defendants' Motion to Compel

Interrogatory No. 10: This request is granted in part and denied in part.  Defendants narrowed this request at the hearing.  Accordingly, Plaintiff shall supplement his response to identify any "diaries, logs, notes, calendars, or similar documents which refer to or relate to any of the allegations set forth in [the] Complaint," prepared by Plaintiff prior to April 7, 2009, and shall produce any such documents.  If Plaintiff withholds any responsive documents under a claim of privilege, he shall prepare and produce a privilege log, pursuant to L.U.Civ.R. 26(a)(1)(C).

Interrogatory No. 15: This request is denied.

5

Plaintiff's Supplementation: Defendants request that Plaintiff verify that the documents identified in paragraph 1, subparagraphs C, D and E of an additional supplementation provided by Plaintiff[7] were provided to Defendants' counsel by email in pdf format on the dates set forth therein. The court reserves ruling on this request, as it appears easily resolvable by an attorney conference. The parties are directed to confer in good faith regarding this issue. If they are unable to come to a resolution, they shall notify the court by noon on Friday, July 30, 2010.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Compel [39] and Supplemented Motion to Compel [53] and Defendants' Motion to Compel [55] and Supplement [68] are granted in part and denied in part as set forth above. The parties shall provide their supplemented responses and produce their records and documents, as set forth *supra*, on or before noon on Friday, July 30, 2010. All other relief sought in the motions is denied.

SO ORDERED AND ADJUDGED this the 29th day of July, 2010.

s/ Michael T. Parker
United States Magistrate Judge

---

[7] The court has not been provided with a copy of this additional supplementation.